UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANK PERGOLA,

      Plaintiff,

-v-

DEPUTY SUPERINTENDENT
SECURITY, Wyoming Corr, Facility,
CAPTAIN OF SECURITY, Wyoming Corr,
Facility, SERGEANT D. STEVENSON,
OFFICER M. LOGGINS, OFFICER C.
FRATERRIGO,

      Defendants.

18-CV-6740 CJS
ORDER

---

The *pro se* Plaintiff, Frank PerGola, is a prisoner confined at the Green Haven Correctional Facility. He filed a complaint asserting claims under 42 U.S.C. § 1983 and alleging that when he was incarcerated at the Wyoming Correctional Facility ("Wyoming CF") his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution was violated when he was assaulted and beaten by some of the Defendants and other correctional staff. Docket Item 1. Plaintiff paid the filing and administrative fees.

For the reasons that follow, Plaintiff's claims alleging the use of excessive force and failure-to-protect against Defendants Sergeant Stevenson and Correctional Officers Loggins and C. Fraterrigo may proceed to service but the same claims against the unidentified Deputy Superintendent of Security and Captain of Security must be dismissed under 28 U.S.C. § 1915A unless Plaintiff files an amended complaint as directed below.

1

## DISCUSSION

Section 1915A(a) of 28 U.S.C. requires the Court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915. Under § 1915A, the Court must dismiss a claim or the action "if the Court determines that . . . (b) the action . . . (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Plaintiff, who has paid his filing fee in full and did not seek *in forma pauperis* status in this action after his motion to proceed *in forma pauperis* was denied, does seek redress from an employee of a governmental entity—New York State Department of Corrections and Community Supervision—and his Complaint therefore is subject to the initial review of the Court.

## THE COMPLAINT

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the

most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or

3

appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

## A. PLAINTIFF'S ALLEGATIONS

On November 27, 2015, Plaintiff, a wheel-chair bound inmate, was incarcerated at Wyoming CF and was experiencing manic episodes. He had been repeatedly subjected to verbal abuse by correctional staff and other inmates. A correctional officer reported Plaintiff's strange behavior and he was moved to the clinic for observation, otherwise known as "suicide watch." Docket Item 1, ¶¶ 11-13. The following day, during a manic episode, he was singing loudly and unaware of his surroundings. Sergeant Stevenson approached Plaintiff's cell and put his finger to his mouth, gesturing to Plaintiff to keep quiet. Plaintiff then mimicked this gesture and Stevenson stuck his middle finger up, which Plaintiff also mimicked. Stevenson raised his closed hand and fist and moved it back-and-forth towards his mouth, in a manner that reflected a sexual act. Plaintiff mimicked this gesture as well. Stevenson then proceeded to stick his tongue out and wiggle it around in circles, again in a sexual manner. Plaintiff laid down, spread his butt apart and yelled, "why don't you stick your tongue in here!" *Id.*, ¶¶ 14-16. Sergeant Stevenson then dragged his finger across his throat in a slashing gesture and walked away. *Id.*, ¶ 17.

A correctional officer assigned to watch Plaintiff on suicide watch told Plaintiff, "you better be careful, he will f--- you up!" *Id.*, ¶ 18. Stevenson returned a short-time later with a gesture indicating he was going to hang Plaintiff and the correctional officer

4

watching him said, "see, what did I tell you, he will f--- you up!" *Id.*, ¶ 19. Because Plaintiff had been assaulted on three prior occasions, he became fearful for his life and proceeded to lay on the floor and, pushing on his bed frame, broke the bolts loose and moved the bed frame in front of his cell door in an effort to barricade himself in his cell. Another correctional officer later approached his cell and told him he would be moved to someplace "safe" and Plaintiff allowed the officer to enter the cell. Plaintiff was handcuffed and moved to solitary housing. Plaintiff was issued a misbehavior report for failing to obey direct order and destroying state property. *Id.*, ¶¶ 20-22.

On November 29, the following day, Plaintiff was in his cell and Stevenson appeared outside his cell, pointed to it and said something to another officer down the hall. The cell door opened and six correctional officers entered Plaintiff's cell and began punching Plaintiff about his head, stomach and the stump of his leg at least three dozen times. After the officers left, Plaintiff discovered that he had defecated on himself and was humiliated, enraged and began to scream and yell obscene threats at Stevenson. *Id.*, ¶¶ 23-34. His cell door opened again and this time seven officers entered his cell and beat him. One of the officers stated, "this is what happens to you for killing family of an officer," which referred to Plaintiff's conviction for vehicular manslaughter. During this second attack, the officers got feces on them but Plaintiff did not throw any feces on the officers. *Id.*, ¶¶ 25-26.

A false misbehavior report was issued against Plaintiff in order to cover-up the assault and charged Plaintiff with assault on staff, violent conduct, creating a disturbance, refusing a direct order, interference with employees and an unhygienic act. Stevenson falsified a letter accompanying the Use of Force Incident Report filed. *Id.*, ¶¶ 27-28.

5

Plaintiff was transferred to Five Points Correctional Facility and he filed a grievance but the officer he gave it to never filed it.

On January 30, 2016, Plaintiff was found guilty of the charges set forth in the first misbehavior report and sentenced to 30 days in Special Housing and loss of privileges. A few days thereafter, he was found guilty on the second report and sentenced to one year in Special Housing and loss of privileges. *Id.*, ¶¶ 30-31. On April 29, 2016, an incident report was filed with the New York State Police requesting that it investigate Plaintiff on charges of aggravated harassment against Defendants Stevenson, Fraterrigo and Loggins regarding the incident on November 29, 2015. Plaintiff was later indicted and pleaded guilty in exchange for a lesser sentence because he was receiving no assistance on the false charges and faced a possible sentence of an additional five years in prison. His initial sentence has expired and he is now serving his sentence on his plea to aggravated harassment, which is based on false charges. *Id.*, ¶¶ 32-35.

Plaintiff alleges that Defendants violated the Eighth Amendment to the United States Constitution when they failed-to-protect him and assaulted him on two occasions on November 29, 2015. *Id.*, ¶ 36.[1]

1. Excessive Force and Failure-to-Protect

The Eighth Amendment prohibits cruel and unusual punishment, which includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components—one subjective, focusing on the

---

[1] Plaintiff makes no claims related to the alleged false misbehavior reports or the disciplinary hearings and dispositions.

defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d. Cir. 2009).

"The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Wright*, 554 F.3d at 268 (internal quotations omitted). When prison officials are alleged to have used excessive force, the "wantonness" issue turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999).

Objectively, the plaintiff must show that the alleged use of force was "sufficiently serious" or harmful to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Only physical force that is "repugnant to the conscience of mankind" amounts to a constitutional violation. *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Similarly, in the context of a failure-to-protect claim, in order to demonstrate an Eighth Amendment violation, a prisoner must show both that (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm" and (2) "defendant prison officials possessed sufficient culpable intent." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at 834). A prison official acts with sufficient culpable intent "if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Id.*; *see also Farmer*, 511 U.S. at 837-38 (noting that the deliberate indifference

inquiry is subjective, requiring awareness of facts from which an inference could be drawn that "substantial risk of serious harm exist[ed]").

Based on the allegations of the Complaint, assumed true at this stage of the proceedings, Plaintiff's Eighth Amendment claims against Defendants Stevenson, Fraterrigo and Loggins may proceed to service. As discussed below, however, his claims against the Deputy Superintendent of Security and Captain of Security will be dismissed unless Plaintiff files an amended complaint setting forth their personal involvement in the alleged assaults on November 29, 2015.

### 2. Personal Involvement

As noted above, *see supra* at 3-4, to establish liability against a state official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. See *McKenna*, 386 F.3d at 437; *Colon*, 58 F.3d at 873. The theory of respondeat superior is not available in a § 1983 action. See *Hernandez*, 341 F.3d at 144. In *Colon*, the United States Court of Appeals for the Second Circuit, set forth five ways in which a supervisory officially may be personally involved in an alleged constitutional violation. *See supra* at 3-4.

Plaintiff's Complaint fails in all respects to allege a viable claim against the Deputy Superintendent of Security and Captain of Security at Wyoming CF. Plaintiff simply and conclusory alleges that these two supervisory officials failed to take any disciplinary action "to curb the known pattern of physical abuse" by Defendants Stevenson, Fraterrigo and Loggins. Docket Item 1, ¶ 37. There are no factual allegations to establish, in any way, that these two officials had notice of or received notice of any complaints of Stevenson,

Fraterrigo or Loggins, or any other staff members, assaulting inmates. *See Rahman v. Fischer*, No. 08 Civ. 4368(DLC), 2010 WL 1063835, at *5 (S.D.N.Y., March 22, 2010) (Alleging only that a supervisory official had notice of or received notice of "several" complaints of staff members assaulting inmates is not a sufficient allegation "of notice of any policy or custom of assaults by corrections officers."). Plaintiff has not alleged "a plausible claim that any of these [supervisory officials] was on notice of a condition in the period prior to [November 29, 2015] that could reasonably be expected to result in an assault on an inmate like [Plaintiff] if left unaddressed." *Id.* Because Plaintiff is *pro se*, he will be permitted an opportunity to file an amended complaint alleging, if possible, these two supervisory officials' personal involvement in the assaults.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, Plaintiff's claims against the unidentified Deputy Superintendent of Security and Captain of Security at Wyoming Correctional Facility must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **July 10, 2019** in which he includes the necessary allegations regarding the assault and failure-to-protect claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665,

668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the Defendants, so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer.

If Plaintiff fails to file an amended complaint as directed, the claims against the Superintendent of Security and Captain of Security at Wyoming Correctional Facility will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A and service of the remaining claims on Defendants Stevenson, Fraterrigo and Loggins shall be directed.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff is granted leave to file an amended complaint only as directed above[2] by **July 10, 2019;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above by **July 10, 2019**, the claims against the Superintendent of Security and Captain of Security at Wyoming Correctional Facility are dismissed with prejudice without further order of the Court and the Clerk of Court shall terminate these two Defendants as parties to this action;

FURTHER, that in the event Plaintiff has failed to file an amended complaint by **July 10, 2019**, the Clerk of Court is directed to cause the United States Marshal to serve

---

[2] **Error! Main Document Only.**Plaintiff is reminded that he must also include in this amended complaint his Eighth Amendment claims against Defendants Stevenson, Fraterrigo and Loggins; because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they are not preserved for service on Defendants.

copies of the Summons, Complaint, and this Order upon Defendants Stevenson, Fraterrigo and Loggins, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[3]

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to answer the Complaint.

SO ORDERED.

                                                                        _Charles Siragusa_
                                                                          Charles J. Siragusa
                                                                       United States District Judge

DATED: _May 30_, 2019
        Rochester, NY

---

[3] **Error! Main Document Only.**Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.